**In the Matter of Bethanni E. FORBUSH–MOSS, Respondent.**

**No. 98S00–0805–DI–253.**

Supreme Court of Indiana.

July 14, 2008.

Order conditionally granting reinstatement Aug. 28, 2008.

*ORDER IMPOSING RECIPROCAL DISCIPLINE*

The Indiana Supreme Court Disciplinary Commission filed a "Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause," advising that Respondent was disciplined by the State of Kentucky and requesting, pursuant to Indiana Admission and Discipline Rule 23(28), that reciprocal discipline be imposed in this state. On May 15, 2008, this Court issued an "Order to Show Cause," to which Respondent has not responded. This case is now before this Court for final resolution.

Respondent was admitted to practice law in Indiana and in Kentucky. On April 14, 2008, the Supreme Court of Kentucky found Respondent's conduct violated that jurisdiction's rules of professional conduct. Respondent was suspended from the practice of law in Kentucky for 181 days, with 30 days of active suspension and the balance stayed subject to compliance with certain terms of probation for one year.

The Court finds that there has been no showing, pursuant to Admission and Discipline Rule 23(28)(c), of any reason why reciprocal discipline should not issue in this state.

Being duly advised, **the Court suspends Respondent from the practice of law in this state immediately.** Respondent is ordered to fulfill the duties of a suspended attorney under Admission and Discipline

Rule 23(26). After Respondent's active suspension ends in the State of Kentucky, Respondent may file a "Motion for Reinstatement to the Practice of Law in Indiana," attaching documents demonstrating the termination of active suspension and the terms of Respondent's probation. Reinstatement in Indiana shall be subject to compliance with the terms of Respondent's probation in Kentucky as determined by the Supreme Court of Kentucky.

The Clerk of this Court is directed to forward notice of this Order to Respondent or Respondent's attorney, to the Indiana Supreme Court Disciplinary Commission, to the Supreme Court of Kentucky, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d), governing suspension.

All Justices concur.

### ORDER GRANTING REINSTATEMENT TO THE PRACTICE OF LAW IN INDIANA SUBJECT TO PROBATION AND OTHER CONDITIONS

Respondent was admitted to practice law in Indiana and in Kentucky. On April 14, 2008, the Supreme Court of Kentucky found Respondent's conduct violated that jurisdiction's rules of professional conduct. Respondent was suspended from the practice of law in Kentucky for 181 days, with 30 days of active suspension and the balance stayed subject to compliance with certain terms of probation for one year beginning April 14, 2008.

On July 14, 2008, this Court entered an "Order Imposing Reciprocal Discipline." Respondent now files a "Motion for Reconsideration of the Suspension from the Practice of Law in Indiana" and a "Motion for Reinstatement to the Practice of Law in Indiana." Respondent has provided documents demonstrating the termination of active suspension in Kentucky. The Commission filed an objection to both motions.

Being duly advised. the Court DENIES the "Motion for Reconsideration of the Suspension from the Practice of Law in Indiana." and conditionally GRANTS the "Motion for Reinstatement to the Practice of Law in Indiana." **Respondent is reinstated to the practice of law in Indiana immediately, subject to the following conditions:** (1) Respondent shall comply with the terms of her probation in Kentucky as determined by the Supreme Court of Kentucky; (2) Respondent shall file with the Commission a copy of any report she files with the Kentucky Bar Association Office of Bar Counsel within ten days of such filing; (3) Respondent shall file a written report with the Commission within 10 days of any change in her probationary status in Kentucky; (4) Respondent shall file a written report with the Commission no later than May 1, 2009. reporting the status of her probation in Kentucky; and (5) any failure to file required reports may subject Respondent to active suspension in Indiana on the Commission's motion. Notwithstanding the status of Respondent's Kentucky probation. Respondent's Indiana probation shall remain in effect until such time as it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The Clerk of this Court is directed to forward notice of this Order to Respondent or Respondent's attorney, to the Indiana Supreme Court Disciplinary Commission, to the Supreme Court of Kentucky, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). governing suspension.

All Justice concur.